**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: COUNTRYWIDE FINANCIAL CORP.**
**MORTGAGE-BACKED SECURITIES LITIGATION**

| | |
|---|---|
| Federal Deposit Insurance Corp. as Receiver for Security Savings )<br>    Bank v. Banc of America Securities LLC, et al., )<br>    D. Nevada, C.A. No. 2:12-532 )<br>Federal Deposit Insurance Corp. as Receiver for Security Savings )<br>    Bank v. Countrywide Financial Corp., et al., )<br>    D. Nevada, C.A. No. 2:12-534 ) | MDL No. 2265 |

**TRANSFER ORDER**

    **Before the Panel**:[*] Pursuant to Panel Rule 7.1, plaintiff Federal Deposit Insurance Corp. (FDIC) as Receiver for Security Savings Bank (Security Savings), moves to vacate our order that conditionally transferred its actions to MDL No. 2265. Responding defendants[1] oppose the motion and favor inclusion of these actions in MDL No. 2265.

    After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2265, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Central District of California was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Countrywide and affiliated defendants misrepresented to investors in Countrywide mortgage-backed securities (MBS) origination practices for, and the credit quality of, the mortgage loans Countrywide originated from 2004 to 2007. *See In re: Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 812 F. Supp. 2d 1380 (J.P.M.L. 2011). Plaintiff alleges that Security Savings purchased Countrywide mortgage-backed securities, and thus these actions share questions of fact with the actions in MDL No. 2265.

    In opposition to inclusion of these actions in MDL No. 2265, plaintiff FDIC repeats arguments the Panel rejected in denying FDIC's motions to vacate conditional transfer of two other actions to MDL

---

    [*]     Judge Marjorie O. Rendell took no part in the decision of this matter.

    [1]     Bank of America Corp.; Banc of America Securities LLC; Barclays Capital Inc.; Morgan Stanley & Co. LLC; Countrywide Financial Corp. (Countrywide); Countrywide Securities Corp.; and CWALT, Inc.

-2-

No. 2265.[2] FDIC also argues against transfer that (1) one action (*Security Savings I*) does not name Countrywide entities as defendants; and (2) it has "concrete evidence" of the slow pace of the MDL and can demonstrate that transfer will not serve the just and efficient conduct of these actions. These arguments are unpersuasive. The status of the proceedings in MDL No. 2265 does not reflect unduly slow progress in the underlying actions. In fact, the transferee judge has considered and ruled upon motions to remand quickly and efficiently. Moreover, the District of Nevada already has denied plaintiff's motions to remand these actions to state court and, therefore, the FDIC's concern regarding any delay in resolution of these motions is moot. Furthermore, it is undisputed that *Security Savings I* shares with MDL No. 2265 actions questions of fact regarding alleged misrepresentations made by Countrywide in the origination and sale of Countrywide MBS. All relevant MBS were issued by a Countrywide entity and some of the defendants named in *Security Savings I* are defendants in MDL No. 2265. Inclusion of all *Security Savings* Countrywide MBS claims ensures that a single judge presides over these Countrywide MBS actions, providing consistency, preventing conflicting rulings, and greatly reducing the duplicative expenditure of judicial and party resources.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Mariana R. Pfaelzer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Charles R. Breyer | |

---

[2] *See* MDL No. 2265, Transfer Order, Apr. 16, 2012; MDL No. 2265, Transfer Order, Dec. 14, 2011.